# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JEROME SILVERMAN,** on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **COLLECTIVE AND CLASS ACTION** |
| | ) **COMPLAINT** |
| **LIBERTY HOME MORTGAGE CORPORATION,** | ) ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

Plaintiff Jerome Silverman, by and through counsel, for his Complaint against Defendant Liberty Home Mortgage Corporation, states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b).

3. Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed by Defendant within the two (2) years preceding the filing of this Action.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7. At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant as a non-exempt hourly employee within this district and division. Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is being filed along with this Complaint and is attached as **Exhibit A**.

8. Defendant is a for-profit Ohio corporation with a principal place of business located at 6225 Oak Tree Blvd, Independence, OH 44131 (Cuyahoga County).[1] Defendant can be served through its registered agent, David Weilbacher, Esq., at 520 West North Street, St. Mary's, OH 45885.

**FACTUAL ALLEGATIONS**

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

10. At all relevant times, Plaintiff and those similarly situated were "employees" within the meaning of the FLSA and the OMFWSA.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

---

[1] https://bizimage.ohiosos.gov/api/image/pdf/202117300422 (last viewed 9/16/21).

2

12. Defendant provides residential home mortgages. According to its website, Defendant is licensed in 30 states: Alabama; Arizona; California; Colorado; District of Columbia; Florida; Georgia; Illinois; Indiana; Iowa; Kentucky; Louisiana; Maryland; Maine; Michigan; Minnesota; Mississippi; Montana; New Jersey; North Carolina; Ohio; Oklahoma; Pennsylvania; South Carolina; Tennessee; Texas; Virginia; Washington; West Virginia; and Wisconsin.[2]

13. Defendant's website provides that "Liberty Home Mortgage Representatives are available seven days a week," and that it has "a customer care line which current customers can call to get answers if they are unable to reach their Liberty Home Mortgage Loan Originator outside of normal business hours."[3]

14. Plaintiff was employed by as Loan Officer Assistant ("LOA") from approximately July 2020 until approximately June 2021, when he was promoted to a Production Manager, where he worked until his employment ended around July 12, 2021. He was paid $15 per hour, plus commission of approximately $1,000 to $2,000.

15. Other LOAs similarly situated to Plaintiff were also paid hourly plus commission.

16. The primary job duties of LOAs were not sales, management, or administrative work related to the business operations of Defendant or Defendant's customers. Rather, their primary duty was production support. LOAs responded to borrower questions, filled in pre-approval applications, processed loans, gathered documents from borrowers, facilitated communications between realtors and processors, took applications over the phones, and handled other incoming calls.

---

[2] https://www.libertyhomemortgage.org/about-us (last viewed 9/16/21).
[3] *Id*.

17. This work was integral and indispensable to the work they are hired to do, because Defendant could not operate without the support of LOAs, let alone provide the level of customer service it advertises.

18. Plaintiff and others similarly situated regularly worked more than 40 hour a week throughout his employment, estimating at least approximately 55 to 60 hours per week, if not more.

19. However, Defendant had a company-wide policy of not paying its LOAs for off-the-clock work that was routinely performed early in the mornings and late into the evenings.

20. Therefore, Defendant did not pay LOAs all overtime earned in weeks in which they worked 40 or more hours.

21. Defendant knew or should have known that Plaintiff and other similarly situated LOAs were performing this work since calls, emails, texts, and the needs of Defendant's Loan Officers and Defendant's customer-borrowers were being attended to at all hours of the day.

22. Additionally, Plaintiff and others similarly situated were paid non-discretionary compensation, such as commissions, which were not calculated into their regular rates for purposes of calculating overtime compensation, resulting in additional unpaid overtime.

23. The FLSA and Ohio law mandate that non-discretionary compensation be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Defendant's current and former hourly employees who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former full-time hourly LOAs employed by Defendant during the period three (3) years preceding the commencement of this action through its final disposition.**

26. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked and not properly calculating overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

27. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

28. Plaintiff cannot yet state the exact number of similarly situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

## OHIO CLASS ACTION ALLEGATIONS

29. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself other similarly situated current or former employees employed by Defendant within the last two (2) years.

30. Defendant's current and former hourly employees who are "similarly situated" to Plaintiff with respect to Defendant's violations of Ohio law consist of:

> **All present and former full-time hourly LOAs employed by Defendant in Ohio during the period two (2) years preceding the commencement of this action through its final disposition (the "Ohio Class").**

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the putative class but, upon information and belief avers that it consists of at least 40 or more employees.

32. There are questions of law or fact common to the putative class including: whether: (1) Defendant failed to pay its LOAs for off-the-clock work and whether this practice resulted in the underpayment of overtime; and, (2) whether Defendant failed to include non-discretionary compensation into calculating the regular rate for the purposes of overtime compensation.

33. Plaintiff will adequately protect the interests of the putative class members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the Ohio Class as a whole and predominate over any questions affecting only individual class members.

35. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

38. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

39. Plaintiff and those similarly situated were not exempt from the protections of the FLSA.

40. Defendant had a companywide policy of failing to pay its employees for all time worked and failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of 40 in a workweek.

41. Additionally, Defendant failed to include non-discretionary compensation, including commissions, in its LOAs' regular rate for purposes of calculating overtime compensation. This resulted in the underpayment of overtime premiums.

42. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

43. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.

44. Plaintiff and the Opt-ins are entitled to unpaid overtime, liquidated damages, attorneys' fees, and cots.

## COUNT TWO
### (Violations of the OMFWSA)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Ohio law requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

47. Plaintiff and those similarly situated were not exempt from the protections of the OMFWSA.

48. Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly situated to perform off-the-clock work activity, for which Defendant did not compensate Plaintiff and those similarly situated. This illegal practice resulted in the underpayment of overtime.

49. Defendant also violated Ohio law by not accounting for certain non-discretionary compensation, including attendance commissions, in its employee's regular rate for purposes of computing overtime compensation. This illegal practice resulted in the underpayment of overtime premiums.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation at a rate of one and one-half times their correct regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

51. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

52. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

53. As a result of Defendant's practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*